UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRELL MAZER, et al.,<br>        Plaintiffs, | CIVIL No. 1:19-cv-01838 |
| v. | (JONES, C.J.)<br>(SAPORITO M.J.) |
| FREDERICK MUTUAL<br>INSURANCE COMPANY,<br>        Defendant. | |

# MEMORANDUM

Before the court is the motion to quash subpoena (Doc. 24) filed by non-party, the Pennsylvania Insurance Department (the "Department"). This matter arises out of a fire at the property of the plaintiffs, Airell Mazer and Joseph Mazer, on November 2, 2018, which allegedly resulted in a total loss of their real estate in Harrisburg, Pennsylvania.

The plaintiffs filed their complaint against the defendant, Frederick Mutual Insurance Company, on October 22, 2019, alleging breach of contract and bad faith. (Doc. 1). In connection with their lawsuit against the defendant, the defendant has served the Department with a subpoena duces tecum for records and documents generated by the Department through an investigation conducted by its Bureau of Licensing and Enforcement regarding C&Z Construction. It appears that

C&Z presented the plaintiffs with an estimate which is greater than the actual cash value paid to the plaintiffs by the defendant. In the joint case management plan, the parties expressed a desire to call a representative of C&Z as a witness. (Doc. 12, at 5). It is unclear whether C&Z held itself out as a construction company or as a public adjuster, the latter of which falls under the regulation by the Department. The Department, a non-party, has moved to quash the subpoena under the provisions of the Pennsylvania Insurers Producers Act, 40 P.S. § 310.79, on the basis that the documents are statutorily privileged and confidential because they were obtained in an investigation under the Act and therefore not subject to subpoena.

For the reasons stated below, we will deny the motion to quash filed by the Department without prejudice.

## I. *Legal Standard*

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities who are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.") "When a nonparty receives a subpoena to which it objects, it has several options:

2

file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B)." *In re Actiq Sales & Mktg. Practices Litig.*, No. 2:11-mc-00274-JFC, 2011 WL 5509434, at *2 (W.D. Pa. Nov. 10, 2011) (ellipses in original).

> If the nonparty recipient of a subpoena moves to quash, then
>
>> [t]he serve-and-volley of the federal discovery rules govern the resolution of a motion to quash. The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1). Next, the burden shifts to the subpoenaed nonparty who must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B). If the subpoenaed nonparty claims the protections under Rule 45(d)(3)(B) or asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a clearly defined and serious injury. This burden is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order.

*In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (citations and internal quotation marks omitted).  Further, a person withholding subpoenaed information under a claim that it is privileged or subject to protection must make the claim and describe the

nature of the withheld documents in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.  Fed. R. Civ. P. 45(e)(2)(A).

## II. *Discussion*

The defendant argues that it is seeking the documents and records from the Department because they potentially could impeach the credibility of a witness critical to establishing plaintiffs' claims for relief. Further, it contends that without the C&Z estimate opining that plaintiffs' alleged damages from the underlying fire were far more than the actual cash value payment, the plaintiffs' claims would be severely undermined, if not eviscerated.  Accordingly, we find that the defendant has met the threshold requirement of relevancy for purposes of discovery under the Fed. R. Civ. P. 26(b)(1).  The burden shifts to the Department to affirmatively show that a privilege applies, or that the Court should protect the requested materials from production.

In support of its position that the requested records or documents are privileged or protected, the Department relies upon 40 P.S. § 310.79 which is set forth as follows:

> **Confidentiality**-
>
> (a) **General rule.**--*Any documents, materials or other information* in the control or possession of the department which is furnished by an insurer or licensee under section 671.1-A or *which is obtained by the department in an investigation pursuant to this act shall be confidential by law and privileged*, shall not be subject to the act of June 21, 1957 (P.L. 390, No. 212), referred to as the Right-to-Know Law, *shall not be subject to subpoena and shall not be subject to discovery or admissible in evidence in any private civil action.* However, the department is authorized to use the documents, materials or other information in the furtherance of any regulatory or legal action brought as a part of the department's duties.
>
> (b) **Testimony prohibited.** --Neither the department nor any person who received documents, materials or other information while acting under the authority of the department shall be permitted or required to testify in any private civil action concerning any confidential documents, materials or information subject to subsection (a).

40 P.S. § 310.79 (emphasis added); <u>see also</u> Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Here, the Department maintains that the requested records and documents are subject to this confidentiality provision of the Act. However, it has failed to prepare a log describing the nature of the withheld documents in a manner that,

without revealing information itself privileged or protected, will enable the parties to assess the claim under Fed. R. Civ. P. 45(e)(2)(A). Therefore, we will direct that the Department provide a privilege log to counsel for the parties describing the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim of privilege or protection from disclosure. Depending upon the review and action taken by the party or parties, upon appropriate motion, we will then determine whether an *in-camera* review of the contested records is appropriate.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
United States Magistrate Judge

Dated: July 30, 2020