# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRELL MAZER, et al.,<br>            Plaintiffs, | CIVIL No. 1:19-cv-01838 |
| v. | (JONES, C.J.)<br>(SAPORITO M.J.) |
| FREDERICK MUTUAL<br>INSURANCE COMPANY,<br>            Defendant. | |

FILED
WILKES BARRE
JAN 29 2021
PER
MS
DEPUTY CLERK

## MEMORANDUM

Before the court is the motion to quash subpoena and for protective order (Doc. 48) filed by the defendant, Frederick Mutual Insurance Company. This matter arises out of a fire at the property of the plaintiffs, Airell Mazer and Joseph Mazer, on November 2, 2018, which allegedly resulted in a total loss of their real estate in Harrisburg, Pennsylvania.

The plaintiffs filed their complaint against the defendant, Frederick Mutual Insurance Company, on October 22, 2019, alleging breach of contract and bad faith. (Doc. 1.) In connection with their lawsuit against the defendant, the plaintiffs served a subpoena ad testificandum upon Alisa Breneman, a fire analyst employed by NEFCO Fire Investigations. An amended notice of remote video deposition was served upon counsel for the defendant advising him of the plaintiffs'

intention to take the deposition of Ms. Breneman via Zoom technology on January 7, 2021, at 3:00 p.m. (Doc. 48-1, at 31.)

All discovery disputes were referred to the undersigned United States magistrate judge.  (Doc. 44.) Thereafter, on December 9, 2020, counsel for the parties conferred with the undersigned to determine whether the issue could be resolved.  When it became apparent that resolution of the issue was not feasible, the court issued an order establishing dates for the filing of the appropriate motion and briefs in support and in opposition.

The defendant timely filed its motion to quash and for a protective order. (Doc. 48.)  In its motion, the defendant asserts that Ms. Breneman is a non-testifying (or consulting) expert retained in anticipation of litigation, who is protected from discovery under Fed. R. Civ. P. 26(b)(4)(D).   The defendant further alleges that Ms. Breneman has expert knowledge and her involvement with the plaintiffs' case was limited to determining the cause and origin of the fire at the premises. (Doc. 48 ¶14.)  Thus, the defendant seeks to preclude Ms. Breneman from being deposed under Fed. R. Civ. P. 26(b)(4)(D) because she is an expert hired by it in anticipation of the possible litigation of the plaintiffs' claim.

(*Id.* ¶¶ 27-29.)  In response, the plaintiffs contend that they do not intend to depose Ms. Breneman as an expert witness, but rather as a fact witness regarding her communications with the defendant after the issuance of her expert report, her communications with the plaintiffs and their representatives, public authorities, including those associated with the City of Harrisburg Police and Fire Departments, and the Pennsylvania Department of Insurance.  (Doc. 63 ¶29.) They further argue that Ms. Breneman's investigation and analysis is not subject to Fed. R. Civ. P. 26(b)(4)(D) protection in that she was not retained in anticipation of trial.  (*Id.* at 10.)

The motion has been fully briefed and is ripe for a decision.  (Doc. 50; Doc. 63; Doc. 68.)[1]  For the reasons stated below, we will deny the motion to quash and for a protective order.

## I. Legal Standard

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), and the

---

[1]    In the exercise of our discretion, we decline the defendant's invitation (Doc. 66) to declare the plaintiffs' opposition brief as untimely filed in favor of our preference to decide the motion on the merits. Thus, we deem the plaintiffs' opposition brief timely filed.

federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or maybe involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014). When the Court is presented with a motion to compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials

4

> do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

The consulting expert provision of the federal rules is set out as follows:

> (D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> > (i) as provided in Rule 35(b); or
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D)

## II.  *Discussion*

We begin our analysis with a review of the revised joint case management plan. (Doc. 12.)   There, the plaintiffs disclosed Ms. Breneman as "Fire Investigator, Nefco," while the defendant does not disclose her name.   (*Id.* at 5.)  Attached to the motion is a copy of Ms.

Breneman's written report dated January 21, 2019. (Doc 48-1, at 14-18.) The report does not reflect that she was retained as a consulting expert in anticipation of litigation. The pertinent provisions of the report confirm that the fire occurred on November 2, 2018, and that she began her investigation on November 6, 2018, by interviewing the plaintiff, Joseph Mazur. The next day, November 7, 2018, she conducted a "fire scene analysis" and spoke with the City of Harrisburg Fire Chief, City of Harrisburg Detective Jon Fustine, Code Enforcement Officer for the City of Harrisburg, Bruce Henry. Finally, on December 14, 2018, she spoke with the previous owner of the property, Kevin Baum. At this point, the defendant has failed to proffer any evidence that at the time NEFCO, through Ms. Breneman, was engaged to perform a fire scene analysis, that such engagement was in anticipation of litigation thereby implicating the protections of Fed. R. Civ. P. 26(b)(4)(D).

The plaintiffs argue that they desire to depose Ms. Breneman to elicit factual information from her relating to the communications and actions she took in connection with the continued investigation which resulted in the delay of the partial payment of the plaintiffs' claim. Further, they contend that the defendant's discovery responses reflect

that Ms. Breneman continued to communicate with the defendant and third parties, including representatives of the City of Harrisburg and the Pennsylvania Insurance Department.   Accordingly, we find that the plaintiffs have met the threshold requirement of relevancy for purposes of discovery under the Fed. R. Civ. P. 26(b)(1).   The burden shifts to the defendant to affirmatively show that a privilege applies, or that the Court should otherwise protect Ms. Breneman from the deposition.

As another federal court has aptly observed, "[t]he investigation and evaluation of claims is part of the regular, ordinary and principal business of insurance companies." *Klee v. Whirlpool Corp.*, 251 F.R.D. 507, 512 (S.D. Cal. 2006) (quoting *Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D.N.Y. 1981)); *see also Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 662 (S.D. Ind. 1991) ("[I]t is the very nature of an insurer's business to investigate and evaluate the merits of claims."). "Generally, documents and reports produced by or at the request of an insurer before arriving at a claims decision which consist of information reasonably related to the evaluation of a claim are presumed to have been produced or used for claims evaluation, not for litigation preparation." *Klee*, 251 F.R.D. at 512 (citing *Stout v. Illinois Farmers Ins. Co.*, 150

F.R.D. 594, 599 (S.D. Ind. 1993)); *see also Harper*, 138 F.R.D. at 663 ("It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product. Likewise, anticipation of litigation is presumed unreasonable under the Rule before a final decision is reached on the claim."); *Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988) ("Normally, only after the insurance company makes a decision with respect to the claim, will it be possible for there to arise a reasonable threat of litigation so that information gathered thereafter might be said to be acquired in anticipation of litigation.").

Here, Ms. Breneman conducted a "cause and origin" investigation into the fire that destroyed the Mazers' property. On January 21, 2019, she produced a written report summarizing her investigation and conveying her findings. Based on the record before us, Ms. Breneman's investigation and report clearly *preceded* a final claims decision by the defendant insurer. Her investigation and report were an integral part of

the insurer's claims evaluation process, which ultimately culminated in a decision to pay the claim on or about May 1, 2019. Thus, it is presumed that Ms. Breneman's investigation was conducted, and her report was prepared, in the ordinary course of the defendant insurer's business of claims evaluation, not in preparation for litigation. *See Klee*, 251 F.R.D. at 512–13; *Stout*, 150 F.R.D. at 599; *Harper*, 138 F.R.D. at 663–64; *Pete Rinaldi's*, 123 F.R.D. at 202.

In support of its position that the requested deposition subpoena should be quashed, the defendant simply states that: "Given the circumstances surrounding the fire at the Property, it was very likely— at the time of retainment—that Ms. Breneman's findings could result in a declination of coverage, which—in turn—would likely result in the filing of litigation." (Doc. 50, at 7.) This conclusory statement is simply insufficient to overcome the presumption that Ms. Breneman's investigation and report were generated for claims evaluation purposes, rather than in anticipation of litigation. *See Stout*, 150 F.R.D. at 599 ("Insurers may overcome that presumption by presenting specific evidentiary proof of objective facts to the contrary."); *Harper*, 138 F.R.D. at 663–64 ("To overcome these presumptions, the insurer must

demonstrate, by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced, and that the document was prepared and used solely to prepare for that litigation, and not to arrive at a (or buttress a tentative) claim decision."); *see also Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 252 (S.D. W. Va. 2014); *Klee*, 251 F.R.D. at 512–13. In the absence of any specific evidence to the contrary, we are compelled to find that Ms. Breneman's testimony is not protected from discovery by Fed. R. Civ. P. 26(b)(4)(D).

Under these circumstances, we find no reason to quash the subpoena or issue a protective order, but we caution the parties that any relevancy objections should be made on the record at the deposition to preserve them for trial.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: January 29, 2021