## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

AIRELL MAZER, et al.,
          Plaintiffs,

      v.

FREDERICK MUTUAL
INSURANCE COMPANY,
          Defendant.

CIVIL No. 1:19-cv-01838

(JONES, C.J.)
(SAPORITO M.J.)

FILED
WILKES BARRE
JAN 29 2021
PER MS
DEPUTY CLERK

### MEMORANDUM

Before the court is the motion to quash and for a protective order against plaintiffs' subpoena ad testificandum directed to Jon Fustine (Doc. 49) filed by the defendant, Frederick Mutual Insurance Company. This matter arises out of a fire at the property of the plaintiffs, Airell Mazer and Joseph Mazer, on November 2, 2018, which allegedly resulted in a total loss of their real estate in Harrisburg, Pennsylvania.

The plaintiffs filed their complaint against the defendant, Frederick Mutual Insurance Company, on October 22, 2019, alleging breach of contract and bad faith. (Doc. 1.) In connection with their lawsuit against the defendant, the plaintiffs served a subpoena ad testificandum upon Jon Fustine, a fire detective with the City of Harrisburg. An amended notice of remote video deposition was served

1

upon counsel for the defendant advising him of the plaintiffs' intention to take the deposition of Det. Fustine via Zoom technology on January 7, 2021, at 2:00 p.m. (Doc. 49-1, at 34.)

All discovery disputes were referred to the undersigned United States magistrate judge.  (Doc. 44.) Thereafter, on December 9, 2020, counsel for the parties conferred with the undersigned to determine whether the issue could be resolved.  When it became apparent that resolution of the issue was not feasible, the court issued an order establishing dates for the filing of the appropriate motion and briefs in support and in opposition.

The defendant timely filed its motion to quash and for a protective order. (Doc. 49.)  In its motion, the defendant asserts that any testimony Det. Fustine may have is irrelevant to the outstanding issues in this case because he was not involved with the defendant's processing, handling, and payment of the plaintiffs' claim.  The defendant further alleges that the plaintiffs should be precluded from taking Det. Fustine's deposition because any discoverable information or knowledge he may have has already been discovered by the plaintiffs by other means--i.e. all significant information Det. Fustine may have regarding the plaintiffs'

claim is embodied in his written reports which are already in the possession of plaintiffs' counsel.   Finally, the defendant argues that allowing the plaintiffs to take Det. Fustine's deposition will impose an undue burden on the defendant and Det. Fustine.[1]  In the alternative, the defendant requests that we enter an appropriate protective order limiting the areas of inquiry which may be explored in the deposition.

In response, the plaintiffs contend that the defendant has not asserted a privilege or personal right to the information which will be the subject matter of the deposition.   Further, the plaintiffs argue that Det. Fustine's deposition testimony is relevant their statutory bad faith claim in that they allege that Det. Fustine acted in concert with the defendant's privately retained fire investigator during the investigation of the subject fire loss, and both had communications with representatives of the Pennsylvania Insurance Department.

The motion has been fully briefed and is ripe for a decision.  (Doc. 51; Doc. 61; Doc. 69.)[2]  For the reasons stated below, we will deny the

---

[1]    Det. Fustine has not filed a motion to quash the subpoena or for a protective order.

[2]    In the exercise of our discretion, we decline the defendant's invitation (Doc. 66) to declare the plaintiffs' opposition brief as untimely

motion to quash and for a protective order.

## I. Legal Standard

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir.1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or maybe involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items

---

filed in favor of our preference to decide the motion on the merits. Thus, we deem the plaintiffs' opposition brief timely filed.

of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014). When the Court is presented with a discovery motion,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

"[R]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citations omitted).   Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on

matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc.*, 29 Fed. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding whether to enforce compliance with subpoenas where " [i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010).

Considerations of standing also define our role in this field, particularly when a party like the defendant seeks to quash a subpoena issued to a non-party witness who has not independently objected to that subpoena. In this factual setting, this Court has been clear that "[g]enerally speaking, a party does not have standing to quash a subpoena served on a third party. If, however, a party claims a property right or privilege in the subpoenaed documents, then an exception to this general rule may arise and provide that individual or entity with standing."

*Fiorentino v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2012 WL 12861600, at *4 n.1 (M.D. Pa. Jan. 6, 2012); *see* also *Malibu Media, LLC*

2016); *Moyer v. Berdanier*, No. 3:CV-11-1811, 2013 WL 704483, at \*3 (M.D. Pa. Feb. 26, 2013).

## II.   *Discussion*

Here, the defendant generally lacks standing to object to a third-party subpoena such as the subpoena issued by the plaintiffs to Det. Fustine. The only limited exception to this general rule allows a party to object where that party claims a property right or privilege in the disclosed information. *See* Fed. R. Civ. P 45(d)(3)(A)(iii). The defendant has neither alleged nor shown that this narrow exception has any application.  In the absence of such a showing, we must deny the motion to quash.

Our inquiry, however, does not end there.  Under the Federal Rules of Civil Procedure, the court may, for good cause, protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including forbidding the discovery.  Fed. R. Civ. P. 26(c)(1). Here, the defendant asks us to issue a protective order limiting the areas of inquiry which the plaintiffs may explore in Det. Fustine's deposition to those which plaintiffs demonstrate are relevant to the outstanding issues in this matter.  (Doc. 50, at 10).  Nevertheless, the defendant has not

shown how it would be unduly burdened or harassed by preparing for and attending Det. Fustine's deposition.    Therefore, we will deny the defendant's request for a protective order.

Under these circumstances, we find no reason to quash the subpoena or issue a protective order, but we caution the parties that any relevancy objections should be made on the record at the deposition to preserve them for trial.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: January 29, 2021