UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRELL MAZER, et al.,<br>        Plaintiffs,<br><br>           v.<br><br>FREDERICK MUTUAL<br>INSURANCE COMPANY,<br>        Defendant. | CIVIL No. 1:19-cv-01838<br><br>(JONES, C.J.)<br>(SAPORITO M.J.) |

# **MEMORANDUM**

Before the court is the motion for a protective order to preclude the deposition of Jill Showalter (Doc. 54) filed by the defendant, Frederick Mutual Insurance Company. Ms. Showalter is an employee of the defendant. This matter arises out of a fire at the property of the plaintiffs, Airell Mazer and Joseph Mazer, on November 2, 2018, which allegedly resulted in a total loss of their real estate in Harrisburg, Pennsylvania.

The plaintiffs filed their complaint against the defendant, Frederick Mutual Insurance Company, on October 22, 2019, alleging breach of contract and bad faith. (Doc. 1.) In connection with their lawsuit against the defendant, the plaintiffs served an amended notice of remote video deposition upon counsel for the defendant advising him of

1

the plaintiffs' intention to take the deposition of Jill Showalter via Zoom technology on January 6, 2021, at 12:00 p.m. (Doc. 54-1, at 27.)

All discovery disputes were referred to the undersigned United States magistrate judge. (Doc. 44.) Thereafter, on December 9, 2020, counsel for the parties conferred with the undersigned to determine whether the issue could be resolved. When it became apparent that resolution of the issue was not feasible, the court issued an order establishing dates for the filing of the appropriate motion and briefs in support and in opposition.

The defendant timely filed its motion for a protective order. (Doc. 54.) In its motion, the defendant asserts that any testimony Jill Showalter may give is unnecessarily duplicative of the testimony of Richard Shay, the defendant's claim representative responsible for handling the plaintiffs' claim, and with the evidence the defendant produced in its document production. The defendant attempted to ascertain from the plaintiffs their written reasons for the deposition, the areas of inquiry in which the plaintiffs expect her to testify, and how her testimony differs from other employees of the defendant. The defendant further alleges that the plaintiffs should be precluded from taking Ms.

Showalter's deposition. Finally, the defendant argues that its motion should be granted because Ms. Showalter's deposition is unnecessarily duplicative and therefore unduly burdensome to the defendant and Ms. Showalter.[1]

In response, the plaintiffs assert that they have no objection to provide defense counsel with an outline of the topics and/or areas of inquiry in a notice of deposition. (Doc. 62 ¶13.) Further, the plaintiffs maintain that they are under no obligation to provide defense counsel with an offer of proof.

The motion has been fully briefed and is ripe for a decision. (Doc. 55; Doc. 62.) For the reasons stated below, we will grant in part and deny in part the motion for a protective order .

## I. *Legal Standard*

The scope of discovery in federal court is governed by Federal Rule of Civil Procedure 26. Rule 26 is to be construed liberally. *See Pacitti v. Macy's* 193 F.3d 766, 766 (3d Cir. 1999); *see also Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing

---

[1] Ms. Showalter herself has not filed a motion to quash the subpoena or for a protective order.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or maybe involved in the litigation. *Oppenheimer Fund,* 437 U. S. at 350.

A motion for a protective order is governed by Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) permits "a party or any person from whom discovery is sought [to] move for a protective order . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action."[2] Fed. R. Civ. P. 26(c)(1). Accordingly, the Court may, for "good cause," issue a protective

---

[2] Counsel for the parties participated in a telephone conference with the Court on December 9, 2020, to resolve the dispute without court action. Unfortunately, counsel was unable to resolve the scope of this discovery dispute.

order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

## II. *Discussion*

Under the Federal Rules of Civil Procedure, a court may, for good cause, protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the discovery. Fed. R. Civ. P. 26(c)(1). Here, the defendant asks us to issue a protective order precluding the deposition of Ms. Showalter because her proposed testimony is unnecessary, irrelevant, and duplicative of other relevant testimony from the defendant's employees who will be deposed. Further, the defendant contends that Ms. Showalter works for the defendant in its underwriting department, and the defendant's underwriting of the policy is not at issue.

The plaintiffs contend that Ms. Showalter's testimony is relevant because she was involved in the handling and evaluation of their claim. They reference three emails dated November 8, 2018, May 23, 2019, and May 30, 2019, which she authored. (Doc. 62 ¶13.) Some of the entries therein contain redactions, but it appears that her role was not limited to underwriting alone. (*Id.*) The plaintiffs should be permitted to take

5

Ms. Showalter's deposition to determine the nature and extent of her role in this case. Moreover, the defendant has not shown how it would be unduly burdened by preparing for and attending Ms. Showalter's deposition.

Therefore, we will deny the defendant's request for a protective order and permit the plaintiffs to take her deposition. However, as plaintiffs' counsel has previously offered to provide defense counsel with an outline of the topics and/or areas of inquiry in a notice of deposition, we will direct that they do so.[3]

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
United States Magistrate Judge

Dated: February 2, 2021

---

[3] We will not order the plaintiffs to provide defense counsel with an offer of proof, nor do we encourage or permit the defendant to file another motion based upon the contents of the outline of the topics and/or areas of inquiry.