UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARIELL MAZER and JOSEPH MAZER,** | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 1:19-1838 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **FREDERICK MUTUAL INSURANCE COMPANY,** | : | |
| | : | |
| Defendant | : | |

### MEMORANDUM

Before the court is plaintiffs Ariell Mazer and Joseph Mazer's (together, the "Plaintiffs") motion for leave to file an amended complaint. (Doc. 83). For the following reasons, the Plaintiffs' motion will be **DENIED**.

### I.   BACKGROUND

By way of relevant background, Plaintiffs commenced this suit against defendant Frederick Mutual Insurance Company (the "Defendant") by filing a complaint on October 22, 2019. (Doc. 1). Plaintiffs' complaint asserts claims of breach of contract (Count I) and bad faith under 42 PA. C.S.A. §8371 (Count II) relating to the Defendant's alleged failure to pay covered property losses under an insurance contract. *Id*.

On November 15, 2019, the Defendant moved to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). (Doc. 5). Judge John E. Jones, II, by an order dated March 27, 2020, denied the Defendant's motion to dismiss. (Doc. 16). The parties then became engaged in a prolonged and contentious discovery process.

On January 7, 2021, the Plaintiffs filed an unopposed motion for an enlargement of discovery deadlines, which Judge Joseph F. Saporito, Jr. granted on the same day. In doing so, Judge Saporito vacated the case management deadlines in this matter and indicated that the court shall reset the deadlines following the resolution of pending discovery matters. (Doc. 60).[1]

This case was then reassigned to the undersigned. On September 20, 2021, Plaintiffs submitted the instant motion to file an amended complaint and as well as a supporting brief. (Docs. 83, 84). The Defendant filed a timely brief in opposition to the instant motion to amend. (Doc. 86). The Plaintiffs' motion is now ripe for the court's review.

---

[1] As to the pending discovery matters, Judge Saporito has resolved the parties' outstanding discovery motions. (Docs. 70, 74, 77, 78, 80).

## II.  STANDARD

Plaintiffs seek the court's leave to amend their complaint pursuant to Federal Rules of Civil Procedure 15. Rule 15 sets forth three ways by which a plaintiff may amend a complaint: (1) within twenty-one days of service, (2) with the opposing party's consent, or (3) by leave of the court.  Fed.R.Civ.P. 15(a)(1)-(2). As the Plaintiffs seek to amend well beyond the twenty-one days period in which they may do so as a matter of course and the Defendant has not consented to the proposed amendment, they must seek leave of the court in order to amend their complaint.

Under Rule 15, "leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (*citing Foman v. Davis,* 371 U.S. 178, 182 (1962)); Fed.R.Civ.P. 15(a)(2). The grant or denial of leave to amend is within the sound discretion of the district court. *Foman,* 371 U.S. at 182.

## III.  DISCUSSION

Here, the Plaintiffs do not seek to add an additional claim or party to their complaint. Instead, they request leave to include additional factual

- 3 -

allegations of bad faith committed by the Defendant over the course of this litigation to support their existing §8371 bad faith claim. Specifically, they seek to include allegations of the Defendant's "unlawful withholding of documents" during discovery, filing of motions to quash subpoena and for protective orders "without merit in a concerted effort to limit the Plaintiffs' rights to discover information," and placing of "unacceptable limitations on [m]ediation" in the days prior to a scheduled mediation. (Doc. 83-1 at ¶¶33(u)-33(x)).

The Defendant contends that leave to amend should be denied because granting leave would unduly delay resolution of this litigation. The Third Circuit has held that while "undue delay" cannot be demonstrated by the passage of time alone; "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." See *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In considering whether undue delay exists, a court's focus is on the plaintiff's motive for not amending the complaint sooner. *Id*.

In support its opposition to the instant motion, the Defendant cites to *Jarvorski v. Nationwide Mut. Ins. Co.*, NO. 3:06-CV-1071, 2006 WL 8449561 (M.D.Pa. Nov. 30, 2006), a case in which the district court denied a plaintiff's

- 4 -

request for leave to add factual allegations of the defendant insurer's discovery abuses as support for her existing §8371 bad faith claim. The *Jarvorski* district court reasoned that because the proposed amendment does not assert any new claims and is not necessary under the federal pleading requirements, granting such an amendment would serve no purpose other than to delay litigation. *Id*. at *6.

We find the *Jarvorski* decision to be instructive and conclude that the instant Plaintiffs' proposed amendment would unduly delay resolution of this litigation. Initially, the Plaintiffs fail to explain why they waited until September 20, 2021 to seek the court's leave to amend when it appears that the bulk of their new factual allegations, including Defendant's filing of a motion to quash and a motion for protective order, are based upon conduct which had transpired in 2020 and early 2021.

Furthermore, Plaintiffs' proposed amendments are unnecessary at this stage of the litigation. Providing further factual details in support of Plaintiffs' existing bad faith claim is not required under the liberal federal pleading requirements. Fed.R.Civ.P. 8(a) ("A pleading that states a claim for relief must contain: […] a short and plain statement of the claim showing that the pleader is entitled to relief."). Given Judge Jones has concluded that the complaint pleads sufficient facts to survive a Rule 12(b)(6) motion to dismiss,

it is unclear to this court what purpose the Plaintiffs' proposed amendment would serve other than to delay litigation. (Doc. 16).[2]

The court's denial of the proposed amendment does not necessarily mean that the Plaintiffs' additional factual allegations of bad faith are consequently precluded from this litigation.[3] Certainly, evidence which the

---

[2] Insofar the *Javorski* court suggested that "neither the legislature nor the Pennsylvania Supreme Court would condone an interpretation of the bad faith statute where every disagreement occurring during the bad faith litigation could give rise to an amendment of the complaint," this court reaches a similar view. 2006 WL 8449561, at *6. Given the rather contentious discovery in this action, it may be reasonably anticipated that continuation of this litigation will again give rise to conduct which the Plaintiffs construe as evidence of bad faith and allege as a basis for an amendment to the complaint. Such amendments would result in unnecessary delays and serve against the interest of an efficient resolution to this case.

[3] The Defendant, in the alternative, argues that the Plaintiffs' proposed amendment is futile as their allegations of bad faith conduct committed over the course of this litigation are "inadmissible as evidence of bad faith" under §8371. (Doc. 86 at 9-11).

The court is not so persuaded. "[T]he use of litigation in bad faith to evade a duty that a policy requires can give rise to claim under Section 8371." *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.*, 423 F.Supp.3d 139, at 155 (W.D.Pa. 2019) (*citing W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 314-15 (3d Cir. 2003) (indicating discovery violation committed in connection with insurer's effort to avoid its obligations falls under "discovery violation as insurance bad faith" category); *see also Krisa v. The Equitable Life Assurance Soc.*, 109 F.Supp.2d 316, 321 (M.D.Pa. 2000) (refusing to dismiss bad faith claim where insurer filed an allegedly baseless counterclaim against the insured in a breach of contract and bad faith suit filed by the insured).

Here, the Plaintiffs allege that the Defendant has filed several meritless motions, misrepresented its intent to engage in mediation without limitation, and "caused significant prejudice and delay and constitute post-litigation bad faith conduct by the Defendant." (Doc. 83 at 6; Doc 83-1 at 33(x), (w)). In

- 7 -

Plaintiffs deem supportive of their bad faith claim that are not averred in their complaint may be presented later in the proceedings and, if so, the Defendant may seek to preclude such evidence by appropriate means as necessary.

In light of the above, the court concludes that Plaintiffs' proposed amendment to their complaint will unduly delay the resolution of this litigation. Fed.R.Civ.P. 15(a); *Jablonski*, 863 F.2d at 292.

### IV.  CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for leave to file an amended complaint, (Doc. 83), will be denied. An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 28, 2022**
19-1838-01

---

light of these allegations, the court declines to find that the Plaintiffs' proposed amendment would be futile.